IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS R. COBB, | ) | CASE NO. 5:18 CV 452 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN CHRISTOPHER LAROSE, | ) | |
| | ) | **REPORT &** |
| Respondent. | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Marcus R. Cobb for writ of habeas

corpus under 28 U.S.C. § 2254.[2]  Cobb is incarcerated by the State of Ohio at the Northeast

Ohio Correctional Center in Youngstown, Ohio.[3]  He is serving a sentence of 21 years to

life imposed by the Stark County Court of Common Pleas following his conviction at a

jury trial on multiple charges and specifications related to a murder committed during an

armed robbery.[4]   The State has moved to dismiss the petition as time-barred, or

alternatively to dismiss the petition because the claims are either non-cognizable or

procedurally defaulted.[5]  Cobb has responded in opposition to that motion.[6]

---

[1] This matter was referred to me pursuant to Local Rule 72.2 by United States District
Judge John R. Adams in a non-document order entered on March 5, 2018.
[2] ECF No. 1.
[3] ECF No. 12 at 6-7 (citing record).
[4] *Id.*
[5] *Id.* at 1.
[6] ECF No. 17.

For the reasons that follow, I will recommend granting the State's motion to dismiss the matter as time-barred.

## Facts

The facts relevant to the disposition of the motion on the basis of timeliness are not extensive, nor are they disputed.

The Ohio Supreme Court denied review in Cobb's direct appeal on January 20, 2016.[7]  Cobb's conviction became final for purposes of the one-year habeas limitations period on April 19, 2016, when the ninety-day period for seeking a writ of certiorari from the Supreme Court of the United States expired.[8]  Thus, the one-year limitations period began running on April 20, 2016, and expired on April 20, 2017, absent any tolling.

The present petition for habeas relief was filed February 26, 2018.[9]

## Analysis

**A.     Standards of review**

*1.     Timeliness*

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[10] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

---

[7] *State v. Cobb*, 144 Ohio St. 3d 1460 (2016).
[8] *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).
[9] ECF No. 1.
[10] Pub. L. No. 104-132, 110 Stat. 1214.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[11]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[12]  State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[13]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[14]  Once the

---

[11] 28 U.S.C. § 2244(d)(1).
[12] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[13] *See Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).
[14] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[15]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[16] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[17]  Equitable tolling is granted "sparingly."[18] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[19]  Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[20]

## 2.    *Actual innocence*

A petitioner who cannot excuse a procedural default by showing cause and prejudice may still obtain federal habeas review of the defaulted claims if he can show through new evidence that his case fits within a narrow class of cases where a constitutional violation

---

[15] *Id.*

[16] *See Holland v. Florida*, 560 U.S. 631, 646 (2010).

[17] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S. Ct. 187 (2012).

[18] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[19] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418.

[20] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 456 (2011)).

4

has probably resulted in a conviction of one who is actually innocent.[21]   A petitioner claiming actual innocence must show, in light of new and reliable evidence that was not presented at trial, that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[22]

Actual innocence means "factual innocence, not mere legal insufficiency."[23] Moreover, the petitioner must show actual innocence as to those counts that were dismissed during plea bargaining.[24]

Finally, a showing of actual innocence is merely a "gateway" that permits review of the petitioner's underlying constitutional claims.[25]  The Sixth Circuit does not recognize the existence of a free-standing actual innocence claim.[26]

**B.     Application of standards**

Cobb's petition presents one potential basis for statutory tolling of the limitations period, and his traverse contains four arguments for equitable tolling.   These are individually addressed below.   He also asserts his innocence, which is also addressed below.

---

[21] *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).
[22] *Schlup v. Delo*, 513 U.S. 298, 324-27; *Hargrave-Thomas v. Yunkins*, 374 F.3d 383, 389 (6th Cir. 2004).
[23] *Bousley v. United States,* 523 U.S. 614, 623 (1998); *see also Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).
[24] *Bousley*, 523 U.S. at 624.
[25] *Schlup*, 513 U.S. at 316.
[26] *D'Ambrosio v. Bagley*, 527 F.3d 489, 498 n.6 (6th Cir. 2008).

5

## 1.    *Statutory tolling*

Although Cobb does not expressly fashion an argument of statutory tolling in this regard, the record indicates that on November 21, 2016, Cobb filed a delayed application to reopen his appeal under Ohio Appellate Rule 26(B).[27]  The Ohio appeals court denied the application, finding that Cobb had not shown good cause for the delay.[28]  Cobb appealed,[29] but on May 17, 2017, the Supreme Court of Ohio declined jurisdiction.[30]

While it is apparent that Cobb believes this present petition – filed in February 2018 – is within the one-year habeas limitations period as calculated from the date of the Ohio Supreme Court's May 2017 decision on the delayed application to reopen, the fact is that an untimely filed application for post-conviction relief or other collateral review, such as this one,[31] does not toll the habeas limitations period.[32]

Accordingly, Cobb's 2016 delayed application to reopen the appeal in this case, and the subsequent appeal from its denial, did not serve to statutorily toll the one-year habeas limitations period.

---

[27] ECF No. 12, Attachment 2 at 135.
[28] *Id.* at 149.
[29] *Id.* at 151-53.
[30] *Id.* at 173.
[31] *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (application for reopening an appeal is a post-conviction remedy for purposes of tolling the habeas statute of limitations).
[32] *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005).

## 2. *Equitable tolling*

Cobb essentially concedes the fact that this habeas petition is untimely filed.[33]  In that regard, he makes the following four argument for equitable tolling:

1. He "filed a late writ because no library and access to the internet and law books;"[34]

2. Cobb "moved to a different correctional center;"[35]

3. Cobb's "paid lawyer failed to file [the] habeas petition;"[36]

4. "Cobb was going threw [sic] family issues also (death in the family)."[37]

It is well-settled that *pro se* status, ignorance of the law or inexperience with the legal system are not grounds for equitable tolling.[38]  Similarly, attorney error or mistaken reliance on a third party is also not sufficient to establish equitable tolling for habeas claims.[39]  It is clear that the petitioner himself is responsible for accurately calculating his filing period and taking all reasonable steps to be sure his petition is timely filed.[40]  Moreover, movement between prisons and/or difficulty in accessing the prison law library are relatively common features of prison life and so do not generally constitute grounds for

---

[33] ECF No. 17 at 20 ("Cobb does apologize for the late petition . . . .").
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Perry v. Litteral*, No. 7:17-CV-44-DCR-REW, 2017 WL 2729623, at *3 (E.D. Ky. June 1, 2017) (collecting cases).
[39] *Id.*
[40] *Id.*

equitable tolling.[41]  Finally, even the death of a family member within the relevant time period, however personally tragic, does not, of itself, state a basis for equitable tolling.[42]

### 3.    *Actual innocence*

Although Cobb asserts his innocence in his response to the State's motion, the primary reasons cited depend on the habeas court reviewing the evidence at trial.  In this regard, Cobb contends that a review would disclose that his co-defendants lied under oath and presented conflicting testimony.[43]  He concludes by stating that he "deserves a lesser concluded [sic] charge, or the same charges of complicity to involuntary manslaughter, or granted a new trial," to presumably make these arguments again to a jury.

Plainly, Cobb is arguing for mere legal innocence of the particular charges or a reduced charge, and not factual innocence, which is required.  His arguments are not sufficient for a finding of actual innocence.

## Conclusion

For the reasons stated, I recommend that the State's motion[44] to dismiss the *pro se* petition of Marcus R. Cobb for a writ of habeas corpus be granted, and that the petition be dismissed with prejudice.

---

[41] *Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) (citations omitted).
[42] *Dumont v. Borders*, 2018 WL 2088037, at * * 5-6 (E.D. Cal. May 4, 2018) (citations omitted).
[43] ECF No. 17 at 26.
[44] ECF No. 12.

Dated: September 28, 2018              s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[45]

---

[45] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).